UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH DESROSIERS, individually and on behalf of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SECURITAS SECURITY SERVICES USA, INC., <br><br> Defendant. | ECF CASE <br><br> No.: _____ <br><br> <u>CLASS AND COLLECTIVE ACTION COMPLAINT</u> <br><br> JURY TRIAL DEMANDED |

NATURE OF THE ACTION

1. Plaintiff Joseph Desrosiers ("Plaintiff") worked for Securitas Security Services USA, Inc. ("Securitas" or "Defendant") as a security guard from in or around 2010 through the present.

2. Plaintiff alleges, on his behalf and other similarly situated current and former employees of Defendant, under Fed. R. Civ. P. 23 (a) and (b), that Defendant willfully violated the New York Labor Law by (i) failing to pay overtime premium pay; (ii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (iii) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

3. Plaintiff alleges on his behalf and other similarly situated current and former employees of Defendant and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendant willfully violated the FLSA by failing to pay overtime premium pay.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331,1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. §§1391(b)(1) and (2).

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff was and is, at all relevant times, an adult individual residing in Rego Park, New York.

8. Upon information and belief, Defendant Securitas Security Services USA, Inc. is a foreign business corporation that is organized under Delaware law and is authorized to do business in the State of New York. It lists its DOS Process address as 28 Liberty Street, New York, NY 10005, and maintains a principal place of business at 1412 Broadway, 17th Floor, New York, New York 10018.

9. Defendant had substantial control over Plaintiff's and other individuals' working conditions, and over the unlawful policies and practices alleged herein.

10. During all relevant times, Defendant has applied the same employment policies, practices, and procedures to all security guards.

11. During all relevant times, Defendant has been Plaintiff's employer within the meaning of the FLSA and NYLL.

12. Plaintiff received checks that listed Securitas Security Services USA, Inc. as his employer.

13. At all relevant times, Defendant has maintained control, oversight, and direction over the Plaintiff and similarly situated employees, including hiring, firing, disciplining, timekeeping, payroll and other employment practices.

14. Defendant applies the same employment policies, practices, and procedures to all security Guards at Securitas, including policies, practices, and procedures with respect to payment of wages.

15. Defendant Securitas Security Services USA, Inc., is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Securitas is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include computers, printers and uniforms.

STATEMENT OF FACTS

16. Defendant Securitas is in the business of providing facility security services throughout the United States.

Duties Performed and Hours Worked[1]

17. Defendant employed Plaintiff as a security guard from in or around 2010 through the present.

---

[1] These subject lines are included only for organizational purposes.

18. Plaintiff was a full-time employee of Defendant for the duration of the statutory period, with the exception of in or around May 2017 until in or around June 2018. During this period, Plaintiff worked part-time for Defendant due to a lost contract by Defendant, and any overtime claim will exclude this time period.

19. Plaintiff, as a security guard, was responsible for patrolling assigned buildings, monitoring the sign-in desk, as well as other miscellaneous duties. Plaintiff's specific job duties would vary based upon the job site to which he was assigned.

20. During his employment with Defendant, due to high turnover, upon information and belief, Plaintiff worked with at least between 40 and 50 other security guards. From personally observing and speaking with them, Plaintiff knows that his coworkers performed the same primary duties as him and were compensated in the same manner by Defendants.

21. Plaintiff is typically scheduled to work five shifts per week, Monday to Friday, and for eight hours each shift, either 4:00 p.m. until 12:00 a.m., or from 12:00 a.m. until 8:00 a.m. These shifts included a 1-hour meal break. This resulted in a 35-hour workweek during these weeks.

22. Plaintiff is frequently assigned extra shifts due to increased demand for Defendant's services or another employee calling out of work, among other reasons. During these instances, Plaintiff would work a double shift, typically from 4:00 p.m. until 8:00 a.m. Plaintiff was often assigned 2 to 3 extra shifts, every other week. During these weeks, Plaintiff worked an average of 55 hours.

23. The wage statements provided to Plaintiff indicate hours worked per week anywhere from 48 hours per week up to 144 hours per week. These wage statements are

intentionally convoluted, so as to ensure that employees, including Plaintiff, do not understand the rates they are being paid.

24. During his employment with Defendant, Plaintiff worked more than 40 hours approximately every other week.

25. From speaking with his coworkers and personal observations, Plaintiff knows that other security guards were, like him, regularly scheduled to work and did, in fact, work more than 40 hours in a week.

Hourly Rate and Overtime

26. Defendant paid Plaintiff an hourly rate.

27. Plaintiff's hourly rate was supposed to differ based upon his assigned worksite. However, Plaintiff was typically paid $15.50 per hour for every hour he worked up to 40 hours per week, making $23.25 his overtime rate.

28. Regardless of what hourly rate he was paid, Defendant never paid him overtime premium pay for hours he worked above 40.

29. As with Plaintiff's hours worked, the wage statements Plaintiff was provided are again unclear regarding Plaintiff's rates of pay. Plaintiff's wage statements frequently list several varying rates of pay, none of which correspond to any discernible overtime rate based upon Plaintiff's regular rate of pay. Such ambiguities are intentionally designed to mislead employees, including the Plaintiff, regarding their hours worked and pay rates.

30. Plaintiff frequently informed Defendant that he believed he was not being paid the correct pay rates and that he was having difficulty understanding the wage

statements he was being provided. While Defendant told Plaintiff that they would work to address Plaintiff's concerns, Defendant's conduct continued.

31. Although Plaintiff and other similarly situated employees regularly worked more than 40 hours per week, Defendants did not pay them their proper overtime premium pay: 1.5 times their regular hourly rate.

32. From speaking with them, Plaintiff knows that security guards, like him, were not paid overtime premium pay.

Labor Law Notice and Wage Statement Violations

33. Defendant failed to provide Plaintiff and other similarly situated employees with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when he was hired or at any point during his employment.

34. Likewise, Defendant did not provide Plaintiff and other similarly situated employees with accurate wage statements under N.Y. Lab. Law § 195.3 with any wage payment.

35. Defendant did not post at the restaurant a poster advising Plaintiff and other employees of their right to a minimum wage and overtime premium pay.

CLASS ACTION ALLEGATIONS

36. Plaintiff assert these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendant employs and has employed who were security guards, and other comparable positions with different titles, at any time since January 27, 2015, to the entry of judgment in this case (the

"Class Period"), who were non-exempt employees within the meaning of the New York Labor Law (the "Class Members").

37. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendant's sole control, upon information and belief, more than 50 Class Members exist.

38. Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

39. Defendant has acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

40. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

41. Plaintiff has the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

42. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

    a.    whether Defendant employed Plaintiff and the Class Members within the meaning of the Labor Law;

  b. whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

  c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

  d. whether Defendant failed or refused to pay the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

  e. whether Defendant failed to provide the Class Members with wage notices and accurate wages statements under Labor Law §§ 195.1 and 195.3;

  f. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

  g. whether Defendant is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

  h. whether Defendant should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

43. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendant employs and has employed who were security guards, and other comparable positions with different titles, at any time since January 27, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA (the "Collective Action Members").

44. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including but not limited to:

    a. whether Defendant employed the Collective Action Members within the meaning of the FLSA;

    b. whether the Collective Action Members performed similar duties;

    c. whether Defendant failed to keep true and accurate time records for all hours Plaintiff and the Collective Action Members worked;

    d. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    e. whether Defendant willfully or recklessly violated the FLSA;

    f. whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

    g. whether Defendant should be enjoined from such violations of the FLSA in the future; and

    h. whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

45. Plaintiff repeats and realleges every allegation of the preceding paragraphs as if set forth fully herein.

46. Defendant was required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were paid for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of 40 hours per workweek.

48. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

49. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

50. Defendant has failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

51. In failing to compensate Plaintiff and the Collective Action Members for all compensable hours worked, Defendant violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

52. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

53. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendant was required to pay Plaintiff and the Class Members one and 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

54. Defendant failed to pay the Class Members the overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 146, § 146-1.4of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

55. In failing to compensate Plaintiff and the Class Members for all compensable hours worked, Defendant violated the Labor Law and the regulations thereunder, 12 N.Y.C.R.R. §§ 146-1.2, 1.4.

56. Defendant willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

57. Due to Defendant's Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

58. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

59.     Defendant has willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1(a) within ten business days of their first employment date.

60.     Due to Defendant's violations of Labor Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendant $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

61.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

62.     Defendant has willfully failed to supply Plaintiff and the Class Members with the required statement with every payment of wages, violating Labor Law § 195.3.

63.     Due to Defendant's violations of Labor Law § 195.3, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendant $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff and his counsel to represent the Class Members;

b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award for unpaid overtime premium pay under the Labor Law and the FLSA;

f. An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

g. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

      h.      An award of liquidated damages as a result of Defendant's Labor Law violations;

      i.      An award of liquidated damages as a result of Defendant's willful FLSA violations;

      j.      Equitably tolling the statute of limitations under the FLSA;

      k.      An award of pre-judgment and post-judgment interest;

      l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      m.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       January 27, 2021

                              LIPSKY LOWE LLP

                              s/ Douglas B. Lipsky
                              Douglas B. Lipsky
                              Alfons D'Auria
                              420 Lexington Avenue, Suite 1830
                              New York, New York 10170
                              Tel: 212.392.4772
                              Fax: 212.444.1030
                              doug@lipskylowe.com
                              alfons@lipskylowe.com