

Douglas B. Lipsky - Partner

420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

July 14, 2021

VIA ECF
The Honorable Lorna G. Schofield, U.S.D.J.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

     Re:     Desrosiers v. Securitas Security Services USA, Inc., 1:21-cv-00752 (LGS)

Dear Judge Schofield:

This firm represents Plaintiff Joseph Desrosiers in this Fair Labor Standards Act matter. With the parties having reached a settlement, we submit the settlement agreement for the Court's consideration and approval as fair under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Factual and Procedural Background

I.       Summary of Plaintiff's Claims As Alleged in the Complaint

Defendant is a facility security provider in New York, New York and has employed Plaintiff as a Security Guard since 2010. As a Security Guard, he is responsible for patrolling assigned buildings, monitoring the sign-in desk, among other miscellaneous duties.

On January 27, 2021, Plaintiff filed his initial Complaint, asserting various wage and hour claims under the New York Labor Law and the FLSA, including failure to pay overtime. Because of this filing, Plaintiff alleges, Defendants removed him from his regularly scheduled job site and reduced his hours. He, accordingly, asserts retaliation claims under the Labor Law and FLSA. Plaintiff estimates that his compensatory and punitive damages total $25,000.

II.      Summary of Defendant's Defenses As Expressed Throughout Litigation

Securitas vehemently denies Plaintiff's allegations and maintains records to support its position that that it did not substantially reduce Plaintiff's hours, or otherwise modify the terms of his employment, for any retaliatory reason. Although Plaintiff claims that Securitas removed 35 work hours (20 regular hours and 15 overtime hours) from his schedule as a result of filing this lawsuit (DKT 22, Paras. 18, 20), Plaintiff's time and pay records paint an entirely different picture and show that virtually no hours were lost upon


the filing of the lawsuit. Indeed, Plaintiff continues to work a full schedule and continued to receive significant amounts of overtime compensation even after he filed this lawsuit (e.g., 8 overtime hours during the weeks ending 2/04/21, 2/18/21, and 3/11/21) 16 overtime hours during the week ending 2/11/21, over ten hours of overtime during the weeks ending 3/04/21 and 3/18/21).  *See Turley v. ISG Lackawanna, Inc.*, 803 F. Supp. 2d 217, 235, 246 (W.D.N.Y. 2011) (denying retaliation claim based on alleged lost overtime where plaintiff failed to show he suffered an actual loss of income or benefits).

III.     Settlement Negotiation History and Settlement Terms
        The parties, by and through experienced wage and hour counsel, participated in numerous rounds of arm's-length settlement negotiations. After much back-and-forth, the parties were able to successfully resolve this matter for $10,000.00, and notified the Court of this on May 17, 2021.

        $6,666.66 of the $10,000.00 will be paid to Plaintiff, with the remaining $3,333.34 being paid to his counsel, Lipsky Lowe, for attorneys' fees and expenses. The $3,333.34 in attorneys' fees and expenses equals one-third of the $10,000.00 settlement.

IV.     Procedural History
        This action was commenced on January 27, 2021.[1] On April 14, 2021, Plaintiff filed the First Amended Complaint, containing only the retaliation claims. On May 17, 2021, the parties notified the Court that a resolution had been reached on all claims. When the settlement was reached, the parties had exchanged some informal discovery, but formal written discovery and depositions had not occurred.

Legal Argument

I.     The Settlement Agreement Should Be Approved As It Is Fair and Reasonable Under the Circumstances and Complies with *Cheeks v. Freeport Pancake House, Inc.*

        A.     The Settlement Agreement is Fair and Reasonable
        To determine whether a proposed settlement is fair and reasonable, a court should consider the totality of circumstances. This includes at least five factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, No. 11-cv-5917 (JMF), 2012 U.S. Dist. LEXIS 93918, at *4-5 (S.D.N.Y. July 5, 2012) (citing *Medley v. Am. Cancer Soc.*, No. 1:10-cv-3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, at *3 (S.D.N.Y. July 23, 2010)).

---

[1] Doc. No. 1.


In considering these factors, courts may enter judgment on a basis that does not require full payment of plaintiff's claims or liquidated damages. This is appropriate where, like here, a strong disagreement exists on the facts. *See Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 1:07-cv-153 (ETB) 2007 U.S. Dist. LEXIS 66013, *3 (E.D.N.Y. Sept. 6, 2007) (approving settlement as reasonable in light of no documentation of the hours that plaintiff worked, the parties' disputes on the number hours plaintiff worked, and the "respective burdens the parties face with respect to their claims and defenses"). And it is certainly appropriate where, like here, some documentary evidence exists on the number of hours worked and payroll records exist – evidence that Defendant will use to its advantage. *See Elliott v. Allstate Investigations, Inc.*, No. 07-cv-6078 (DLC), 2008 U.S. Dist. LEXIS 21090, at *5-6 (S.D.N.Y. Mar. 19, 2008) (approving a settlement that was less than plaintiff's claims where plaintiff lacked documentary evidence to support his claims); *Sampaio v. Boulder Rock Creek Developers, Inc*., No. 07-cv-153 (ETB) 2007 U.S. Dist. LEXIS 66013, *3 (E.D.N.Y. Sept. 6, 2007) (approving settlement as reasonable in light of no documentation of the hours that plaintiff worked, the parties' disputes on the number hours plaintiff worked, and the "respective burdens the parties face with respect to their claims and defenses").

1.      The Plaintiff's Range of Possible Recovery

By receiving $6,666.66 in the settlement, Plaintiff will receive a fraction of his claimed recovery of $25,000.00. This amount, however, is reasonable because Defendant strongly denies any wrongdoing and produced contemporaneous time and pay records that it claims establish that Plaintiff did not lose any shifts due to the filing of his Complaint, and that the company paid him in full accordance with the law. If this case proceeded to trial, it is possible that Plaintiff would be awarded a sum far less than the settlement amount.

2.      The Settlement Will Avoid the Parties' Burdens and Expenses

The settlement avoids the burden, expense and aggravation that come with litigation. While some informal written discovery occurred, depositions and full written discovery would need to occur if this case were to proceed. The settlement, however, avoids the need to conduct this discovery, warranting approval. *See Chowdury*, 2017 U.S. Dist. LEXIS 196469, at *6 (approving settlement, in part, because the settlement avoids the need for depositions).

3.      The Parties Faced Serious Litigation Risks

The settlement will enable Plaintiff to avoid litigation risk. The three most disputed issues for Plaintiff are the hours he worked, whether he lost any shifts as a result of filing his initial Complaint, and whether he lost any pay as a result of filing that pleading. This risk is exacerbated by the existence of time and pay records Defendant produced. A risk, therefore, exists that the fact finder may believe Defendant over him and award him nothing. *See Chowdury*, 2017 U.S. Dist. LEXIS 196469, at *6 (approving settlement, in part, because defendants disputed the hours the plaintiff worked); *See Marshall v. Deutsche Post DHL & DHL Express (USA) Inc.*, 1:13-cv-1471 (RJD) (JO), 2015 U.S. Dist. LEXIS



125869, at *13 (E.D.N.Y. Sept. 21, 2015) (explaining because the case was not a "slam dunk" these factors favor approval).

> ### 4. The Settlement Is the Product of Arm's-Length Negotiations With No Possibility of Fraud or Collusion

Plaintiff's counsel has significant experience practicing employment law: Lipsky Lowe LLP regularly represents individuals and putative class member in wage and hour cases in federal and state court: Mr. Lipsky (partner on the case) has practiced employment law for 17 years; and Mr. D'Auria (associate) has practiced employment law for 3 years. Defense counsel is likewise experienced in defending wage and hour cases. Utilizing this experience, the parties reached a settlement through meaningful discussions absent any fraud or collusion. This favors approval. *See Muhammed v. NY Nash Deli & Grovery Corp.*, No. 1:18-cv-10233 (PAC), 2019 U.S. Dist. LEXIS 184495, at *4 (S.D.N.Y. Oct. 23, 2019) ("The proposed settlement was negotiated at arm's-length between competent attorneys experienced in the practice area of wage-and-hour litigation, lessening concerns of fraud or collusion between the parties."); *Hernandez v. Loco 11 Inc.*, No. 1:17-cv-666 (RA), 2017 U.S. Dist. LEXIS 200406, at *6 (S.D.N.Y. Dec. 5, 2017) (approving settlement, in part, based on plaintiff's counsel's experience in wage and hour cases).

> ### B. The Settlement Agreement Complies with Second Circuit Precedent

In August 2015, the Second Circuit resolved an arguably unsettled issue: parties cannot privately settle FLSA claims without either the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Court also explained in *dicta* when an FLSA settlement is valid. *Id*. Namely, it questioned the validity of agreements that contain confidentiality provisions, single-sided general releases and attorneys' fees that go beyond a certain percentage. *Id.*; *see Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 U.S. Dist. Lexis 151144, at *8 (S.D.N.Y. Nov. 6, 2015). None of those issues are present in the Agreement. The Agreement is *Cheeks* compliant.

> ### 1. The Agreement Will Be Publicly Filed

The Agreement does not contain a confidentiality provision and it will be publicly available and filed on the CM/ECF system. This concern accordingly does not exist, favoring approval.

> ### 2. The Agreement Contains a Limited Release

The Agreement's release is limited only to the claims associated with the FLSA and Labor Law retaliation provisions.[2] This term likewise favors approval.

> ### 3. The Agreement Does Not Contain A Non-Disparagement Clause

The Agreement does not contain a non-disparagement clause. The concern of a full non-disparagement clause accordingly does not exist, favoring approval.

---

[2] Agreement ¶ 7-8.


II.     The Court Should Approve Plaintiff's Counsel's Fees and Expenses, as the Amount is Reasonable

Plaintiff's counsel shall receive under the Agreement, subject to the Court's approval, $3,333.34 in fees *and* expenses, equaling one-third of the $10,000.00 settlement: $2,931.34 in fees and $402.00 in expenses. This request is reasonable under the governing standard and the surrounding circumstances.

A.     Counsel's Fees of Slightly Less Than One-Third of The Settlement Is Reasonable and Regularly Approved

Counsel's fee request of $2,931.34 equals 29.3% of the $10,000.00 settlement. This amount is reasonable as contingency fees of one-third, which is greater than what counsel seeks here, in the FLSA context are routinely approved. *Garcia v. Good for Life by 81*, 1:17-cv-7228 (BCM), 2018 U.S. Dist. LEXIS 117437, *8 (S.D.N.Y. July 12, 2018) ("Under the percentage of the fund method, which the Court applies here, attorneys' fee awards of one third or less of the total settlement amount are frequently accepted in this District."); *Santos v. EL Tepeyac Butcher Shop Inc*., 1:15- cv-814 (RA), 2015 US. Dist. Lexis 168186 (S.D.N.Y. Dec. 15, 2015) (recognizing courts within this district regularly approve one-third of the settlement amount as attorneys' fees); *Rangel v. 639 Grand St. Meat & Produce Corp,* 1:13-cv-3234 (LB) 2013 U.S. Dist. Lexis 134207 (E.D.N.Y. Sep. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"). It remains reasonable for counsel to receive one-third of the fund even when the plaintiff is not receiving 100% of his or her claimed damages. *Emiliano Nieto Zepeda v. Baggio, Ltd.*, No. 1:17-cv-2290 (VB), 2017 U.S. Dist. LEXIS 143332, at *2 (S.D.N.Y. Sept. 1, 2017) (approving one-third request when plaintiff is receiving 50% of his claimed damages); *Romero v. ABZ Corp.*, 1:14-cv-3653 (HBP), 2017 U.S. Dist. Lexis 90137, at * 10 (S.D.N.Y. June 12, 2017) (approving one-third fees when plaintiff receives 2/3 of his claimed damages).

Also, this firm assumed a meaningful financial risk when agreeing to represent Plaintiff: counsel invested its time and efforts and advanced expenses with no guarantee of compensation. Indeed, in unsuccessful cases, this firm does not recover anything despite investing its time and money. This assumption of risk further favors approving the one-third contingency fee. *See Garcia v. Pancho Villa's of Huntington Vill, Inc.*, No. 1:09-cv-486 (ETB), 2012 U.S. Dist. LEXIS 144446, at *20 (E.D.N.Y. Oct. 4, 2012); *Campos v. Goode*, No. 1:10-cv-224 (DF), 2011 U.S. Dist. LEXIS 22959, at *19 (S.D.N.Y. Mar. 4, 2011).


B.    Plaintiff's Counsel's Fees Are Further Reasonable Considering Their Hourly Rates and Hours Expended

Lipsky Lowe has expended more than 14.5 hours, equaling $4,435 in fees: 5.4 hours for Douglas Lipsky (partner) at $400 per hour; and 9.1 hours for Alfons D'Auria (associate), at $250 per hour.[3] These hours and rates are reasonable.

1.    Counsel's Hourly Rates Are Reasonable

Counsel's hourly rates are reasonable. A reasonable hourly rate is one which a "paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. To find a reasonable hourly rate, the Court must determine whether the requested rates are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232* (2d Cir. 2006).

Counsel requests a rate of $400 for partner Douglas B. Lipsky, which is reasonable considering his background: he has practiced employment law for 17 years; he is a member of the New York State Bar Association, Wage and Hour Committee; he has presented on numerous issues, including presenting to the New York State Academy of Trial Lawyers on employment law and the FLSA; he was a contributing authority on a treatise on wage and hour litigation, Wage & Hour Collective and Class Litigation, ALM Law Journal Press (2012); prior to founding Lipsky Lowe, he worked at Seyfarth Shaw LLP in its employment practice group, which is consistently ranked as one of the top employment practice groups in the Country.[4] Courts, recognizing this background, have previously approved this rate. *See Rosado v. The French Paradox Inc., et al.*, 1:20-cv-7788 (MKV) (S.D.N.Y. April 26, 2021) (approving Lipsky's $400 rate); *Patrascu v. Frederic Fekkai New York LLC*, 1:19-cv-1376 (VEC) (S.D.N.Y. June 17, 2020) (same); *Owens v. Fresh Direct LLC*, 1:14-cv-1909 (VEC) (S.D.N.Y. Oct. 30, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Spencer v. No Parking Today, Inc., et al.*, No. 12-cv-6323 (ALC) (AJP), Dkt. No. 237 (S.D.N.Y. Feb. 20, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Ceka v. PBM/CMSI Inc.*, No. 12-cv-1711 (DAB), 2014 U.S. Dist. LEXIS 168169, *20 (S.D.N.Y. Dec. 2, 2014) (same). Furthermore, Courts in this District have routinely approved the rate requested here for attorneys of similar experience. *See e.g., Garcia v. Hirakegoma Inc.*, 1:17-cv-7608 (SLC), 2020 U.S. Dist. LEXIS 40637 at *29 (S.D.N.Y. Mar. 9, 2020) ("In this district, courts generally award experienced wage-and-hour attorneys between $300 to $400 per hour"); *Pastor v. Alice Cleaners, Inc.*, 1:16-cv-7264 (JLC), 2017 U.S. Dist. LEXIS 192806 at *17 (S.D.N.Y. Nov. 21, 2017) ("Courts find rates in the $250 to $450 range reasonable for experienced litigators working on wage-and-hour cases). Also, Mr. Lipsky regularly represents individuals who pay him an hourly rate that exceeds $500, underscoring the reasonableness of the requested rate.

---

[3] Contemporaneous time records for Plaintiff's counsel are attached hereto as Exhibit B.
[4] https://www.seyfarth.com/news-insights/law360-names-seyfarth-practice-group-of-the-year-in-employment-law-for-2020.html


Counsel requests an hourly rate of $250 for third-year associate Alfons D'Auria. He graduated in 2018 from Tulane University Law School and has since practiced exclusively in employment law. He has extensive experience representing both individual and class/collective plaintiffs in wage and hour and employment discrimination matters. While no court has previously approved his hourly rate, at this rate or any other, courts six years ago approved similar rates for attorneys with comparable experience. *See Rosendo v. Everbrighten Inc.*, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (awarding an hourly rate of $225 to an associate with three years of litigation experience); *Baltierra v. Advantage Pest Control Co.,* 2015 U.S. Dist. LEXIS (Sept. 18, 2015) (setting the hourly rate of a third-year associate at $225). As with Mr. Lipsky, when Mr. D'Auria represents individuals who pay an hourly rate, Lipsky Lowe LLP charges them rates that exceed $300, which is greater than the requested rate.

These rates are further reasonable when considering hourly rates are not stagnant: they generally increase each year, resulting in the market rate for a junior associate in 2021 being greater than what it was in 2015. The average attorney hourly rates in New York, in fact, increased by 3% in 2020.[5] It accordingly follows that the hourly rates that were approved in earlier years do not reflect what those rates would be in today's market for someone with the same experience. Putting this in context, the $225 hourly rate that was approved in 2015 for the third year associate in *Baltierra v. Advantage Pest Control Co.*, would be $258 in today's market.[6]

On top of this, Counsel's lodestar of $4,435 is greater than the $2,931.34 fee request. This, likewise, emphasizes the reasonableness of the requested amount.

C.     Counsel Are Entitled to Their Expenses

Plaintiff's Counsel is entitled to recover their expenses in additional to their reasonable fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663. These include reimbursement for, by way of example, filing fees. *See Marquez v. Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server expenses); *Morris v. Affinity Health Plan, Inc*., 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage).

Here, Counsel is seeking $402 in expenses[7] as part of the, overall, one-third request. As this amount is for the filing fee on this matter, Plaintiff's Counsel should be reimbursed.

---

[5] https://www.attorneyatwork.com/solo-and-small-firm-lawyer-hourly-rates/

[6] $225 x 1.03^5 = $258.

[7] Detailed documentation and contemporaneous records of the expenses for which Plaintiff's counsel seeks an award are attached hereto as Exhibit C.





III.     Conclusion _____

For the foregoing reasons, the parties respectfully submit the Court should approve the Agreement as fair and reasonable and approve Counsel's requested fees and expenses.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,
LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky

cc:     All Counsel of Record (via ECF)